IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONTE ROLANDO HARRIS, #37473-083,   *<br>Petitioner<br>                                                                  *<br>v.                                            CIVIL ACTION NO.  RDB-05-2492<br>                                                                  *<br>USA,<br>Respondent                              *<br>                                              ****** | |

**MEMORANDUM OPINION**

The Court is in receipt of Petitioner's correspondence, wherein he asserts that he is a "secured party/creditor" and seeks to have the Clerk post bond in the amount of nine hundred fifty million dollars.  (Paper No. 1).   Petitioner has attached to the request for a "court bond" a "copyright notice" wherein he attempts to copyright his name.  (*Id.*)  The papers filed by Petitioner are not a picture of clarity: however, because they seek to compel certain action by the Clerk, they have been construed and docketed as a Petition for Writ of Mandamus.  Because he appears to be indigent, Petitioner shall be granted leave to proceed in forma pauperis pursuant to 28 U.S. C. § 1915(a).

Under 28 U.S.C. §1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to movant.   In order to meet the requirements for mandamus relief, Petitioner must show that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.  *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary

duties of federal government officers; mandamus will lie only to compel ministerial acts.[1]  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

The undersigned concludes that Petitioner has failed to meet the above established criteria. As Petitioner has made no showing in the instant action which warrants the granting of extraordinary relief, his Petition for Writ of Mandamus shall be denied.

A separate Order follows.

Dated: October 6, 2005              /s/
                                     RICHARD D. BENNETT
                                     UNITED STATES DISTRICT JUDGE

---

[1] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.  *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).